Kane Moon (SBN 249834)
E-mail: kmoon@moonlawgroup.com
Lilit Ter-Astvatsatryan (SBN 320389)
E-mail: lilit@moonlawgroup.com
Nichelle Christopherson (SBN 349221)
E-mail: nchristopherson@moonlawgroup.com
Michael Citrin (SBN 335033)
E-mail: mcitrin@moonlawgroup.com
**MOON LAW GROUP, PC**
725 S. Figueroa St., 31st Floor
Los Angeles, California 90017
Telephone: (213) 232-3128
Facsimile: (213) 232-3125

Attorneys for Plaintiff, JUAN TORRES

Spencer C. Skeen (SBN 182216)
E-mail: spencer.skeen@ogletree.com
Jesse C. Ferrantella (SBN 279131)
E-mail: jesse.ferrantella@ogletree.com
Cameron O. Flynn (SBN 301830)
E-mail: cameron.flynn@ogletree.com
**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**
4660 La Jolla Village Drive, Suite 900
San Diego, CA 92122
Telephone: 858-652-3100
Facsimile: 858-652-3101

Attorneys for Defendant, CORE CONTRACTING, INC.

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JUAN TORRES individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>CORE CONTRACTING, INC., a California corporation; and DOES 1 through 10, inclusive,<br><br>Defendants | Case No.: 3:24-cv-00891-LL-BLM<br><br>**JOINT MOTION TO DISMISS PLAINTIFF'S CLASS CLAIMS WITHOUT PREJUDICE AND INDIVIDUAL CLAIMS WITH PREJUDICE**<br><br>[*Filed concurrently with the Supporting Declaration of Lilit Ter-Astvatsatryan; [Proposed] Order*]<br><br>Action Filed: April 15, 2024<br>Trial Date:   Not Set |

**TO THE HONORABLE COURT, AND TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

Pursuant to the Federal Rules of Civil Procedure, Rules 23(e) and 41(a), Plaintiff Juan Torres ("Plaintiff") and Defendant Core Contracting, Inc., ("Defendant") (collectively, the "Parties") by and through their counsel of record, hereby jointly submit this Motion to Dismiss Plaintiff's Class Claims Without Prejudice and Individual Claims With Prejudice ("Parties' Motion" or "Motion"). This Motion is based on the following recitals:

1. On April 15, 2024, Plaintiff filed a class action complaint in the California Superior Court, County of San Diego (Case no. 37-2024-00017668-CU-OE-CTL, against Defendant, on behalf of himself as an individual and a proposed class of all others similarly situated, for the following causes of action: (1) Failure to Pay Minimum Wages [Cal. Lab. Code §§ 204, 1194, 1194.2, and 1197]; (2) Failure to Pay Overtime Compensation [Cal. Lab. Code §§ 1194 and 1198]; (3) Failure to Provide Meal Periods [Cal. Lab. Code §§ 226.7, 512]; (4) Failure to Authorize and Permit Rest Breaks [Cal. Lab. Code §§ 226.7]; (5) Failure to Indemnify Necessary Business Expenses [Cal. Lab. Code § 2802]; (6) Failure to Timely Pay Final Wages at Termination [Cal. Lab. Code §§ 201-203]; (7) Failure to Provide Accurate Itemized Wage Statements [Cal. Lab. Code § 226]; and (8) Unfair Business Practices [Cal. Bus. & Prof. Code §§ 17200, et seq.].  (Declaration of Lilit Ter-Astvatsatryan in Support of the Joint Motion to Dismiss Class Claims Without Prejudice and Individual Claims With Prejudice ["Ter-Astvatsatryan Decl"], ¶ 4.);

2. On May 21, 2024, Defendant concurrently filed its responsive pleading to Plaintiff's class action complaint and a Notice of Removal to the United States District Court, Southern District of California.  (Ter-Astvatsatryan Decl"], ¶ 5.);

3. The Court ordered Parties to participate in an Early Neutral Evaluation scheduled for July 3, 2024;

4. On June 3, 2024, Defendant's counsel provided Plaintiff's counsel with a copy of the grievance and arbitration provisions applicable to Plaintiff during his employment with Defendant;

5. Upon review of the grievance and arbitration provisions, Plaintiff's counsel determined that it would likely be enforceable, compelling Plaintiff to arbitrate his claims on an individual basis, and to dismiss class claims, under the Federal Arbitration Act, 9 U.S.C. §§ 1 et seq., and applicable case law. (*See e.g. Epic Systems Corp. v. Lewis* (2018) 138 S.Ct. 1612.);

6. Following multiple meet-and-confer discussions between the Parties' counsel and due diligence in evaluating the merits of the claims in lieu of the grievance and arbitration provisions and the costs associated with continued litigation, the Parties have agreed that settlement of Plaintiff's individual claims is preferable to arbitration and further litigation (Ter-Astvatsatryan Decl"], ¶ 5.);

7. On June 20, 2024, the Parties filed a Joint Notice of Settlement and Request to Vacate All Pending Dates with the Court;

8. On June 21, 2024, the Court granted the Parties' joint request to vacate all pending dates and ordered the Parties to file a joint motion for dismissal by August 23, 2024, or otherwise appear for a Settlement Disposition Conference on August 27, 2024, at 9:30 a.m. in Courtroom 1B;

9. On August 21, 2024, the Parties executed an individual settlement agreement resolving Plaintiff's claims on an individual basis.

10. No consideration has been offered or received for the dismissal of Plaintiff's class claims;

11. Neither the state court nor this Court has ruled on class certification in Plaintiff's action, the Parties have not engaged in class-wide discovery to determine the identities of putative class members, and no notice of Plaintiff's action has been

1  provided to putative class members. Moreover, the individual settlement and the
2  dismissal of the class claims without prejudice will not prejudice the putative class,
3  as the Parties have agreed to dismiss the class claims without prejudice. Accordingly,
4  under the Federal Rules of Civil Procedure, Rule 23(e), it is unnecessary to provide
5  notice of the dismissal to the putative class;

6    12. Pursuant to the Parties' agreement, the Parties respectfully request that the Court enter an order dismissing Plaintiff's individual claims with prejudice and the class claims without prejudice pursuant to the Federal Rules of Civil Procedure, Rules 23(e) and 41(a)(1)(A)(ii).

Dated: August 23, 2024

Respectfully submitted,

**MOON LAW GROUP, PC**

By: s/ Michael Citrin
    Kane Moon
    Lilit Ter-Astvatsatryan
    Nichelle Christopherson
    Michael Citrin

Attorneys for Plaintiff, JUAN TORRES

Dated: August 23, 2024

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**

By: s/ Jesse Ferrantella
    Spencer C. Skeen
    Jesse C. Ferrantella
    Cameron O. Flynn

Attorneys for Defendant, CORE CONTRACTING, INC.

**SIGNATURE CERTIFICATION**

Pursuant to Section 2(f)(4) of the Electronic Case Filing Administrative Policies and Procedures Manual, I hereby certify that the content of this document is acceptable to Jesse C. Ferrantella, counsel for Defendant, and that I have obtained Ms. Ferrantella's authorization to affix her electronic signature to this document.

By: s/ Michael Citrin
Michael Citrin